**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                        |   |                                |
|------------------------|---|--------------------------------|
| DONNY REEVEY,          | : |                                |
|         Petitioner,    | : | CIVIL ACTION NO. 11-4063 (MLC) |
|           v.           | : | **O P I N I O N**              |
| PAULA K. LAGANA, et al.,| : |                               |
|         Respondents.   | : |                                |

**COOPER, District Judge**

Petitioner, Donny Reevey, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his 2005 New Jersey state court conviction and sentence. It appears that his petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

**I.   PROCEDURAL BACKGROUND**

Petitioner filed this petition on or about July 1, 2011. According to the allegations in the petition, Petitioner was convicted on June 28, 2005, in New Jersey Superior Court, Law Division, Monmouth County on multiple counts including employing

---

[1] The statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), but a district court may raise the issue sua sponte before ordering an answer. A district court is permitted to consider sua sponte the timeliness of a state inmate's habeas petition, but must accord the petitioner an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 547 U.S. 198, 209 (2006).

a juvenile in the commission of a crime, robbery, burglary, resisting arrest, and assault.  Petitioner was sentenced on September 23, 2005 to twenty years of imprisonment.[2]

Petitioner directly appealed from his conviction and sentence to the New Jersey Appellate Division.  On July 2, 2007, the Appellate Division affirmed the conviction.  The New Jersey Supreme Court denied certification on September 11, 2007.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner states that he filed his petition for post-conviction relief ("PCR") in New Jersey Superior Court, Law Division, Monmouth County on April 7, 2007 (which would have been before such time as his judgment of conviction became final).  On January 16, 2009, the Superior Court denied PCR.

---

[2] Under the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with a court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule).  A court, when unable to determine the exact date that a petitioner handed a petition to prison officials for mailing, will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness).  Here, Petitioner signed his petition on July 1, 2011.  Therefore, the Court will use that date for statute of limitation purposes.

The January 16, 2009 date is the last date listed by Petitioner in his Petition regarding exhaustion of state court remedies.  Petitioner did not submit this federal habeas petition to prison officials for mailing until on or about July 1, 2011.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>     (A) the date on which the judgment became final by
>         the conclusion of direct review or the expiration
>         of the time for seeking such review; ...
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered to be pending within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); Swartz, 204 F.3d at 420-24.  Nevertheless, "the time during which

4

a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. Dist. Att'y, 247 F.3d 539, 542 (3d Cir. 2001).

The last date listed here by Petitioner in his recitation of dates related to exhaustion of state court remedies is January 16, 2009.  Since Petitioner claims to have filed his PCR proceedings before the judgment of conviction became final, the Court will, at this time, allow Petitioner the benefit of the doubt that no time to be counted toward the one-year time limit to file a federal habeas corpus petition had elapsed before he filed for PCR.  Even so, Petitioner did not file this habeas petition until July 1, 2011, approximately a year and a half after the January 16, 2009 date.  Petitioner provides no reason for his delay in filing this petition out of time.  Therefore, it would appear from the face of the petition that this habeas proceeding is now time-barred under 28 U.S.C. § 2244(d).  However, the Court will provide Petitioner with an opportunity to address the issue of timeliness.

Petitioner may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable

5

tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  Equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling may be found where a petitioner has:  (1) been actively misled; (2) been prevented from asserting rights in some extraordinary way; (3) timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) been misled by the court regarding the steps needed to take to preserve a claim.  See Brinson v. Vaughn, 398

F.3d 225, 230 (3d Cir. 2005).[3]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003).

Therefore, this Court will order Petitioner to show cause why his petition should not be dismissed as time-barred.

## IV. CONCLUSION

Because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), this Court will order Petitioner to show cause why his petition should not be dismissed as untimely.  An appropriate order follows.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  March 16, 2012

---

[3] In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Fahy, 240 F.3d at 244.

7